# EXHIBIT A

**LOUIS B. HIMMELSTEIN & ASSOCIATES, P.C.**
By: LOUIS B. HIMMELSTEIN, ESQUIRE
ID# 41140
By: TIMOTHY J. ALLES, ESQUIRE
ID# 311442
1420 Walnut Street-Suite 1000
Philadelphia, Pennsylvania 19102
(215) 790-9996
Attorneys for Plaintiff

*Filed and Attested by the Office of Judicial Records 20 APR 2026 04:39 pm A. BALILONES*

| | | |
|---|---|---|
| Daniel Falcone<br>2642 Clayton Street, Upper Chichester, PA 19061<br>vs.<br>Walmart<br>539 North Oak Avenue, Aldan, PA 19018<br>and<br>Walmart Stores East LP<br>4301 Byberry Road, Philadelphia, PA 19154<br>and<br>John Cooper<br>605 Conchester Hwy, Boothwyn, PA 19061<br>and<br>Walmart Inc.<br>4301 Byberry Road, Philadelphia, PA 19154<br>and<br>John Doe<br>123 Main St, Anywhere, USA 00000 | : | **COURT OF COMMON PLEAS**<br>**PHILADELPHIA COUNTY**<br><br>TERM, 2026<br><br>No.<br><br>CIVIL ACTION COMPLAINT |

NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

PHILADELPHIA BAR ASSOCIATION
Lawyer Referral and Information Service
One Reading Center
Philadelphia PA 19107
215-238-6333

AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte pueda decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiendades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASOCIACION DE LICENIADOS DE FILADELFIA
Servicio De Referencia E Informacion Legal
One Reading Center
Philadelphia, PA 19107
(215)238-6333

**LOUIS B. HIMMELSTEIN & ASSOCIATES, P.C.**
By: LOUIS B. HIMMELSTEIN, ESQUIRE
ID# 41140
By: TIMOTHY J. ALLES, ESQUIRE
ID# 311442
1420 Walnut Street-Suite 1000
Philadelphia, Pennsylvania 19102
(215) 790-9996
Attorneys for Plaintiff

| | | |
|---|---|---|
| Daniel Falcone<br>2642 Clayton Street, Upper Chichester, PA 19061<br>vs.<br>Walmart<br>539 North Oak Avenue, Aldan, PA 19018<br>and<br>Walmart Stores East LP<br>4301 Byberry Road, Philadelphia, PA 19154<br>and<br>John Cooper<br>605 Conchester Hwy, Boothwyn, PA 19061<br>and<br>Walmart Inc.<br>4301 Byberry Road, Philadelphia, PA 19154<br>and<br>John Doe<br>123 Main St, Anywhere, USA 00000 | : | **COURT OF COMMON PLEAS**<br>**PHILADELPHIA COUNTY**<br><br>TERM, 2026<br><br>No.<br><br>CIVIL ACTION COMPLAINT |

# COMPLAINT

**COMES NOW,** Plaintiff, **Daniel Falcone,** by and through his counsel, Louis B. Himmelstein & Associates, P.C., and claims damages of the Defendants, individually, jointly and/or severally, upon a cause of action whereof the following is a statement:

1. Plaintiff, **Daniel Falcone,** is an adult individual, citizen and resident of the City of Philadelphia, Commonwealth of Pennsylvania, residing at the above captioned address and at all times herein material Plaintiff, **Daniel Falcone,** was caused to fall to the floor of Defendants' store due to the negligence of the Defendants.

2. Defendant, **Walmart,** (hereinafter also referred to as Defendant(s)) is a corporation, partnership, limited liability corporation and/or other business entity which regularly conducts business in the City of Philadelphia, Commonwealth of Pennsylvania and at all times herein material it did own, and/or

possess, and/or control, and/or maintain, and/or lease, and/or cause and allow a dangerous condition to exist at the certain real premises more particularly described hereinafter wherein Plaintiff, **Daniel Falcone,** was caused to fall and sustain his injuries, and it is further believed and therefore averred that Defendant(s) was charged with the responsibility to maintain and control the property and personnel at a certain **Walmart** located at and/or near 605 Conchester Hwy, Boothwyn, PA, including the inside premises, floors, and shopping area.

3. Defendant, **Walmart Stores East LP,** (hereinafter also referred to as Defendant(s)) is a corporation, partnership, limited liability corporation and/or other business entity which regularly conducts business in the City of Philadelphia, Commonwealth of Pennsylvania and at all times herein material it did own, and/or possess, and/or control, and/or maintain, and/or lease, and/or cause and allow a dangerous condition to exist at the certain real premises more particularly described hereinafter wherein Plaintiff, **Daniel Falcone,** was caused to fall and sustain his injuries, and it is further believed and therefore averred that Defendant(s) was charged with the responsibility to maintain and control the property and personnel at a certain **Walmart** located at and/or near 605 Conchester Hwy, Boothwyn, PA, including the inside premises, floors, and shopping area.

4. Defendant, **John Cooper,** (hereinafter also referred to as Defendant(s)) is an adult individual, resident and citizen of the Commonwealth of Pennsylvania, and at all times herein material, Defendant did own and/or possess and/or control and/or maintain and/or lease and/or cause a dangerous condition to exist at the certain real premises more particularly described hereinafter wherein Plaintiff, **Daniel Falcone,** was caused to fall and sustain his injuries, and it is further believed and therefore averred that Defendant(s) was charged with the responsibility to maintain and control the property and personnel at a certain **Walmart** located at and/or near 605 Conchester Hwy, Boothwyn, PA, including the inside premises, floors, and shopping area.

5. Defendant, **Walmart Inc.,** (hereinafter also referred to as Defendant(s)) is a corporation, partnership, limited liability corporation and/or other business entity which regularly conducts business in the City of Philadelphia, Commonwealth of Pennsylvania and at all times herein material it did own, and/or

possess, and/or control, and/or maintain, and/or lease, and/or cause and allow a dangerous condition to exist at the certain real premises more particularly described hereinafter wherein Plaintiff, **Daniel Falcone,** was caused to fall and sustain his injuries, and it is further believed and therefore averred that Defendant(s) was charged with the responsibility to maintain and control the property and personnel at a certain **Walmart** located at and/or near 605 Conchester Hwy, Boothwyn, PA, including the inside premises, floors, and shopping area.

6. Defendant, **John Doe**, is a fictitious individual meant to represent the owner and/or person in charge of maintenance of the Walmart located at 605 Conchester Hwy, Boothwyn, PA, who otherwise contributed to the reckless, wrongful, negligent, and/or illegal conduct complained of in this complaint which brought about the harm complained of herein. After a reasonable search, the actual name of this fictitious party is unknown. Within 20 days after the actual name of the Defendant has been identified, Plaintiff will file a motion to amend the complaint replacing the Doe designation with the actual name.

7. At all times herein material, Defendants were either acting individually and/or on each other's behalf and/or by and through their/its/her/her duly authorized agents, servants, workmen, bailees and/or employees all of whom were acting in the course and scope of their/her/its employment and in the furtherance of each of the Defendants' businesses and affairs.

8. On or about July 18, 2024, Defendants did individually, jointly and/or severally own, and/or possess, and/or maintain, and/or control certain real property and retail food store located at and/or near 605 Conchester Hwy, Boothwyn, PA, including the inside floors, walkway, and inside shopping area at the premises commonly known as **Walmart**.

9. On the aforesaid date, and for a long time prior thereto, there did exist, a hazardous condition on the floor, which consisted of an irregularity, defect, substance, water, slippery substance, liquid, food, spilled beverage, product, and/or otherwise hazardous condition (hereinafter collectively also referred to as dangerous condition) which was left unattended by the Defendants, notwithstanding notice and inspection of this dangerous and hazardous condition by its/their employees, which condition presented

an unreasonable risk of harm, a snare, trap, obstruction and impediment to business invitees such as Plaintiff, **Daniel Falcone.**

10. On or about July 18, 2024, Plaintiff, **Daniel Falcone,** was a shopper and business invitee at Defendants' store located at 605 Conchester Hwy, Boothwyn, PA at which place and time plaintiff was caused to slip and fall due to defendants' negligence.

11. At the aforementioned time and location, Plaintiff was lawfully proceeding on foot inside Defendants' premises, and when the Plaintiff came in contact with a irregularity, defect, substance, water, slippery substance, liquid, food, spilled beverage, product, and/or otherwise hazardous condition, Plaintiff, **Daniel Falcone,** was caused to slip and/or twist and/or fall, all of which caused Plaintiff to sustain severe and permanent injuries and damages.

12. Plaintiff avers that the aforesaid dangerous condition on the floors in and/or on the real property was dangerous, apparent, open and known to the Defendants, but Defendants failed to correct said condition, and said dangerous condition had existed for a sufficient length of time prior to the aforesaid occurrence involving Plaintiff, **Daniel Falcone,** for the Defendants to have had actual and constructive knowledge or notice thereof.

13. Plaintiff, **Daniel Falcone,** avers that the Defendants knew and/or in the exercise of reasonable care should have known of the dangerous condition, prior to the incident and that the Defendants had a duty to inspect, maintain, repair and/or otherwise correct and remove the aforementioned dangerous condition but had failed to properly do so.

14. At all times herein material and relevant, the situs of the incident and real property where the dangerous condition existed was in the control, supervision, possession, and use by the Defendants.

15. On the aforesaid date, and for a long time prior thereto, there did exist, on the floor of the premises as previously described, an irregularity, defect, substance, water, slippery substance, liquid, food, spilled beverage, product, and/or otherwise hazardous condition, (hereinafter and hereinbefore collectively also referred to as dangerous condition), which dangerous condition presented an unreasonable obstruction

and impediment to the passage of pedestrian traffic, and the defect and dangerous condition presented an unreasonable risk of harm to business invitees such as Plaintiff, **Daniel Falcone**.

16. Plaintiff avers that the aforesaid defect and/or otherwise dangerous condition was apparent, open and visible to the Defendants, and existed for a sufficient length of time prior to the aforesaid occurrence for the Defendants to have had actual and constructive knowledge thereof.

17. All of the Defendants had a duty to maintain, repair, remove and/or otherwise correct the aforementioned dangerous condition but had failed to properly do so, which dangerous condition caused Plaintiff, **Daniel Falcone**, to fall as Plaintiff was walking and shopping at the Defendants' store.

18. The aforesaid incident was caused solely by the carelessness, recklessness and negligence of the Defendants and was in no manner whatsoever due to any act or failure to act on the part of the Plaintiff.

19. Plaintiff, **Daniel Falcone**, avers that the carelessness, recklessness and negligence of the Defendants, individually, jointly and/or severally, consisted, of the following:

a) failing to place wet floor signs near the dangerous condition;

b) permitting the existence of the said water and/or hazardous condition and/or liquid to remain on the floor, which constituted a dangerous condition on the premises aforesaid;

c) failing to warn or otherwise notify the Plaintiff, and others similarly situated, of the said hazardous condition and/or otherwise dangerous condition;

d) creating a dangerous condition on the floor;

e) disregarding the rights, safety and position of the Plaintiff herein and others similarly situated;

f) failing to correct or otherwise remedy the aforesaid dangerous/hazardous condition after being put on notice of same;

g) failing to maintain the store and keep it in a safe condition so as not to constitute a snare, trap, obstruction, hazard or impediment to its visitors and business invitees such as Plaintiff lawfully on the premises;

h) failing to properly and adequately inspect the said area to ascertain the existence of the dangerous and hazardous condition which existed;

i) failing to properly exercise their/its duty of supervision and control;

j) failing to provide adequate warning signs;

k) failing to properly and adequately correct the hazardous, dangerous and unsafe condition of the area;

l) being otherwise careless, reckless and negligent;

m) failing to exercise due care under the circumstances;

n) allowing the slippery substance to remain on the floor for an unreasonably long period of time;

o) failing to clean and/or mop the floor;

p) failing to inspect the floors;

q) failing to use the required degree of due care for business invitees such as plaintiff;

r) being otherwise negligent as may be more fully revealed during discovery or at the time of trial of this matter;

s) failing to place barricades and/or barrels and/or barriers to prevent access where the dangerous condition existed;

t) failing to properly instruct its agents, servants, workmen, employees, representatives, business associates and/or contractors;

u) failing to properly maintain the premises and failing to properly maintain and/or mop/clean the floors;

v) failing to warn or otherwise notify the Plaintiff, and others similarly situated of the said defective or otherwise dangerous condition;

w) disregarding the rights, safety, and position of the Plaintiff, who was a business invitee and failing to use required degree of due care;

x) failing to keep clean and maintain the said inside premises, aisle, floors and inside area used by pedestrians in a condition that would protect and safeguard persons such as the Plaintiff lawfully situated thereon;

y) failing to clean the slippery substance, food and/or other liquid or slick item from the floor;

z) allowing slippery food or spill to remain on the floor;

AA) failing to close off the area where the wet slippery substance existed;

BB) failing to close off an area before cleaning it;

CC) failing to have any warning signs;

DD) failing to provide a safe shopping environment for its customers such as Plaintiff, **Daniel Falcone**;

EE) failing to properly train their/its agents, servants, workmen, employees, representatives, business associates and/or contractors;

FF) failing to keep its floors clean and clear;

GG) Allowing food to be packaged in such a way so as to allow it to spill on the floor;

HH) failing to implement proper policies for discovering and/or cleaning up spilled and/or wet liquids;

II) failing to have regularly regimented janitorial inspections;

JJ) failing to properly supervise her/its agents, servants, workmen, employees, representatives, business associates and/or contractors;

KK) failing to remove the slick substance from the floor prior to plaintiff coming into contact with it and falling thereby causing plaintiff to sustain serious and permanent injuries;

LL) failing to maintain the said inside premises, isle floors, and inside floors used by pedestrians in a condition that would protect and safeguard persons such as the Plaintiff lawfully situated thereon;

MM) failing to watch for and clean up substances spilled by customers;

NN) failing to keep its floors dry;

OO) disregarding the rights, safety, and position of the Plaintiff, who was a business invitee and failing to use required degree of due care;

PP) failing to hire enough maintenance and/or janitorial staff;

QQ) failing to have enough maintenance and/or janitorial staff on duty on the aforesaid date;

RR) failing to have a floor with better traction;

SS) failing to request and supervise periodic inspections of the premises in and around the area where Plaintiff fell.

20. As a sole result of the aforementioned incident caused by the negligence, carelessness and recklessness of each of the Defendants, Plaintiff, **Daniel Falcone,** has sustained serious, painful and permanent injuries, internally and externally, to his head, neck, back, shoulders, chest, arms, wrists, hands,

legs, hips, knees, and/or body and/or the bones, cartilages, ligaments, muscles, nerves, discs, blood vessels and soft tissues attached thereto were fractured, herniated, wrenched, bruised and/or otherwise injured, and Plaintiff, **Daniel Falcone**, sustained multiple other injuries, including but not limited to massive rotator cuff tear, long head biceps tenosynovitis, lumbar sprain and strain, thoracic strain and sprain, cervical sprain and strain, headache syndrome; Plaintiff suffered other serious orthopedic injuries, any and/or all of which may have been aggravations of previous conditions, the full extent of which have not as yet been ascertained; Plaintiff has suffered excruciating and agonizing aches, pains and mental anguish, some or all of which are or may be permanent in nature.

21. As a result of this incident, Plaintiff, **Daniel Falcone**, has been and continues to be obliged to receive medical attention, medical care, hospital care, physical therapy and medical treatment and care and to expend various sums of money and incur diverse medical expenses, surgical charges and other medical, diagnostic and hospital expenses for the severe injuries which Plaintiff has suffered and Plaintiff will be obliged to continue to make medical, hospital and/or surgical expenditures for an indefinite time in the future, all to Plaintiff's great and continuing detriment and loss.

22. As a further result of the incident aforesaid, Plaintiff, **Daniel Falcone**, has, may and will probably in the future continue to suffer great pain and extreme agony, mental anguish, humiliation and suffering and he has been, and probably will in the future be hindered and prevented from attending to Plaintiff's usual daily duties, labors, occupations and household chores, thereby resulting in a loss, depreciation and diminution of Plaintiff's earnings and earning capacity, all to Plaintiff's great and continuing detriment and loss.

23. As a direct and sole result of this incident, Plaintiff, **Daniel Falcone**, has or may hereinafter incur other financial expenses, medical bills and/or other losses which do or may exceed amounts which Plaintiff may otherwise be entitled to recover, as well as further non-economic losses, Plaintiff has suffered a cosmetic disfigurement and/or a scar and also loss of services and other items of damages including a loss of earnings, a loss of earning capacity, medical bills and other expenses, all of which are recoverable.

24. As a further result of the instant occurrence, Plaintiff, **Daniel Falcone,** has suffered an injury which is, may and shall be in full or in part, a serious impairment of and/or a permanent loss of a bodily function, a permanent serious disfigurement and/or a permanent dismemberment, which is or shall be permanent, irreparable and severe.

**WHEREFORE**, Plaintiff, **Daniel Falcone**, claims damages of the Defendants, individually, jointly and/or severally, for an amount in excess of Fifty-Thousand ($50,000.00) Dollars.

**COUNT ONE**
**PLAINTIFF vs. WALMART**

25. Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs, inclusive, as fully as though set forth herein at length.

26. As a direct and sole result of the aforesaid careless, reckless and negligence of the Defendants, Plaintiff, **Daniel Falcone,** sustained serious, painful and permanent injuries.

**WHEREFORE**, Plaintiff, **Daniel Falcone**, claims damages of the Defendants, individually, jointly and/or severally, for an amount in excess of Fifty-Thousand ($50,000.00) Dollars.

**COUNT TWO**
**PLAINTIFF vs. WALMART STORES EAST LP**

27. Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs, inclusive, as fully as though set forth herein at length.

28. As a direct and sole result of the aforesaid careless, reckless and negligence of the Defendants, Plaintiff, **Daniel Falcone,** sustained serious, painful and permanent injuries.

**WHEREFORE**, Plaintiff, **Daniel Falcone**, claims damages of the Defendants, individually, jointly and/or severally, for an amount in excess of Fifty-Thousand ($50,000.00) Dollars.

**COUNT THREE**
**PLAINTIFF vs. JOHN COOPER**

29. Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs, inclusive, as fully as though set forth herein at length.

30. As a direct and sole result of the aforesaid careless, reckless and negligence of the Defendants, Plaintiff, **Daniel Falcone,** sustained serious, painful and permanent injuries.

**WHEREFORE**, Plaintiff, **Daniel Falcone**, claims damages of the Defendants, individually, jointly and/or severally, for an amount in excess of Fifty-Thousand ($50,000.00) Dollars.

**COUNT FOUR**
**PLAINTIFF vs. WALMART INC.**

31. Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs, inclusive, as fully as though set forth herein at length.

32. As a direct and sole result of the aforesaid careless, reckless and negligence of the Defendants, Plaintiff, **Daniel Falcone,** sustained serious, painful and permanent injuries.

**WHEREFORE**, Plaintiff, **Daniel Falcone**, claims damages of the Defendants, individually, jointly and/or severally, for an amount in excess of Fifty-Thousand ($50,000.00) Dollars.

**COUNT FIVE**
**PLAINTIFF vs. JOHN DOE**

33. Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs, inclusive, as fully as though set forth herein at length.

34. As a direct and sole result of the aforesaid careless, reckless and negligence of the Defendants, Plaintiff, **Daniel Falcone,** sustained serious, painful and permanent injuries.

**WHEREFORE**, Plaintiff, **Daniel Falcone**, claims damages of the Defendants, individually, jointly and/or severally, for an amount in excess of Fifty-Thousand ($50,000.00) Dollars.

**LOUIS B. HIMMELSTEIN & ASSOCIATES, P.C.**

**By:** /s/ Louis B. Himmelstein
LOUIS B. HIMMELSTEIN, ESQUIRE
Attorneys for Plaintiff